UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOHN GOWARD : | |
| *Plaintiff* : | |
| : | |
| v. : | C.A. No. |
| : | |
| UNUM GROUP : | |
| CORPORATION, formerly known : | |
| as UNUMPROVIDENT CORPORATION, : | |
| as successor PROVIDENT LIFE AND : | |
| ACCIDENT INSURANCE : | |
| COMPANY; : | |
| *Defendants* : | |

## COMPLAINT WITH JURY DEMAND

Now comes the plaintiff in the above entitled matter and complains as follows:

### Nature of Action and Parties

1. This is an action seeking an award of disability benefits under a private disability insurance policy, issued by Provident Life and Accident Insurance Company to the Plaintiff, John Goward.

2. Plaintiff, John Goward, is a resident of the City of West Warwick in the State of Rhode Island.

3. Upon information and belief, Provident Life and Accident Insurance Company merged with Unum to form UnumProvident Corporation.

4. Upon information and belief, UnumProvident Corporation changed its name to Unum Group (hereinafter "Unum").

5. Unum is a foreign corporation having a principal place of business at 1 Fountain Square, Chattanooga, TN 37402 and is licensed and approved to do business in the State of Rhode Island by the Rhode Island Department of Business Regulation.

**Jurisdiction**

6. At all relevant times, Unum had sufficient minimum contacts within the State of Rhode Island to satisfy the requirements for personal jurisdiction pursuant to Rhode Island's Long Arm Statute.

7. The amount in controversy exceeds Seventy Five Thousand ($75,000) dollars, exclusive of interest and costs.

8. This Court has subject matter jurisdiction over the current matter pursuant to 28 U.S.C. § 1332.

9. Venue is appropriate pursuant to 28 U.S.C. § 1391(a).

**General Allegations**

10. Beginning in or about 1986, Mr. Goward was the owner and operator of a business that rented tents, tables, and construction equipment.

11. In 1990, Mr. Goward purchased a private disability insurance policy with Provident Life and Accident Insurance Company (the "Policy").

12. Provident represented that the decision to purchase disability coverage with Provident was a "decision to protect your most valuable asset: your ability to earn a living", and that "The threat of disability is real. But you're protected with coverage from Provident."

13. The Policy promised to protect Mr. Goward against a loss of income by providing a Monthly benefit for Total Disability for each month in which Mr. Goward met the following definition of disability:

> Total Disability or totally disabled, before your 55th birthday or before benefits have been paid for ten years for a period of disability, whichever is later, means that due to Injuries or Sickness:

1. you are not able to perform the substantial and material duties of your occupation; and
2. you are receiving care by a Physician which is appropriate for the condition causing the disability. We will waive this requirement when continued care would be of no benefit to you.

After your 55th birthday or after benefits have been paid for ten years for a period of disability, whichever is later, Total Disability or totally disabled means that due to Injuries or Sickness:

1. you are not able to engage in any gainful occupation in which you might reasonably be expected to engage because of education, training or experience, with due regard to your vocation and earnings at the start of disability; and
2. you are receiving care by a Physician which is appropriate for the condition causing the disability. We will waive this requirement when continued care would be of no benefit to you.

14. Mr. Goward relied on his insurance benefits to replace part of his income in the event that he became disabled.

15. In 2003, Unum determined that Mr. Goward was totally disabled under the Policy, and began paying benefits.

16. Since 2003, Mr. Goward has been totally disabled under the terms of the Policy due to conditions impacting his back, hips, knees, and right hand.

17. On or about March 23, 2014, against the clear weight of the evidence, Unum terminated Mr. Goward's benefits, alleging that he was no longer entitled to benefits under the Policy because he failed to meet the Policy's definition of disability.

18. On or about May 1, 2015, Mr. Goward appealed Unum's benefit denial and provided more than sufficient evidence establishing his continued entitlement to his full Policy benefit.

19. On or about November 6, 2015, Unum issued a decision on Mr. Goward's appeal. Unum determined that Mr. Goward was Totally Disabled under the Policy from March 6, 2015 to June 7, 2015 and was entitled to benefits during this period. However, against the clear weight of the evidence and the terms of the Policy, Unum determined that Mr. Goward did not meet the Policy's definition of disability from March 23, 2014 to March 5, 2015, and at any time after June 7, 2015, and has refused to pay benefits for these periods.

20. Since the onset of his disability in 2003 to the present, Mr. Goward has continuously met the Policy's definition of disability.

21. Mr. Goward is entitled to payment of all Policy benefits owed to him, plus interest on all improperly withheld payments.

## COUNT I
**(Breach of Contract)**

22. Plaintiff hereby repeats and reaffirms the above paragraphs, as though fully set forth herein.

23. Plaintiff submitted a meritorious claim to Unum for continued disability benefits under the Policy.

24. The Policy is a legal contract between Plaintiff and Defendant that was and continues to be binding upon the parties.

25. Upon information and belief, Unum breached its duty to pay benefits to Mr. Goward under the policy, by wrongfully terminating his Policy benefits, by failing to consider and/or weigh all evidence of his disability, ignoring and/or arbitrarily affording lessor weight to evidence which tended to prove his disability, failing to perform a full and fair review of his claim, succumbing to its financial incentive to deny Mr. Goward's claim,

and by denying Mr. Goward's meritorious claim for benefits that were due under the Policy.

26. As a direct and proximate result, Plaintiff, among other things, incurred and will continue to incur money damages, emotional pain and suffering, and humiliation.

## COUNT II
**(Bad Faith)**

27. Plaintiff hereby repeats and realleges the above allegations as if fully set forth herein.

28. In wrongfully denying Mr. Goward the benefits to which he is entitled, the Defendant has violated Rhode Island's insurance bad faith statute, R.I. Gen Laws § 9-1-33 and Rhode Island common law (*Skaling v. Aetna*, 799 A.2d 997 (R.I. 2002)).

29. As a direct and proximate result, Plaintiff among other things, incurred and will continue to incur money damages, emotional pain and suffering, and humiliation.

## COUNT III
**(Breach of Implied Covenant of Good Faith)**

30. Plaintiff hereby repeats and realleges the above allegations as if fully set forth herein.

31. In wrongfully denying Mr. Goward the benefits to which he is entitled, the Defendant has breached its implied duty and obligation of Good Faith and Fair Dealing.

32. As a direct and proximate result, the Plaintiff among other things incurred and will continue to incur money damages, emotional pain and suffering, and humiliation.

## COUNT IV
**(Declaratory Relief)**

33. Plaintiff hereby repeats and realleges the above allegations as if fully set forth herein.

34. Based on the above alleged facts and circumstances, Plaintiff seeks a declaration pursuant to R.I. Gen Laws 9-30-1, *et seq*. from this Court that: (a) he is entitled to disability income benefits, including payment of retroactive benefits and interest from March 23,

2014 to March 5, 2015, and from June 7, 2015 to the present under the terms of the Policy, as well as all other available and appropriate relief.

WHEREFORE, Plaintiff prays for the following relief:

A. That the Court enter judgment in Plaintiff's favor and against the Defendant and that the Court order Defendant to pay disability benefits to Plaintiff in the amount equal to the contractual amount of benefits to which Plaintiff is entitled under the Policy.

B. That the Court order the Defendant to pay Plaintiff prejudgment interest on all disability benefits that have accrued prior to the date of judgment.

C. That the Court order Defendant to continue paying Plaintiff benefits until such time as he meets the policy conditions for discontinuance of benefits.

D. That the Court award Plaintiff attorney's fees.

E. That this Court order the Defendant to pay Plaintiff punitive damages.

F. For such other legal or equitable relief as this Court deems just and proper, as well as the costs of suit.

The Plaintiff hereby requests a trial by jury, and designates J. Scott Kilpatrick as Trial Counsel in this matter.

Plaintiff by his attorneys,

/s/ J. Scott Kilpatrick
J. Scott Kilpatrick, Esq. (#4036)
jskilpatrick@cck-law.com
Chisholm Chisholm & Kilpatrick Ltd
One Turks Head Place - Suite 1100
Providence, RI   02903
(401) 331-6300 – Telephone
(401) 421-3185 – Fax

6